**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                         *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALEXANDRA DESIR,** | : | Civil Action No. |
| 101 Woodbine Road, Unit 1420 | : | |
| Downingtown, PA 19335 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **CITIBANK, N.A.,** | : | |
| 1 Penns Way | : | |
| New Castle, DE 19721 | : | |
| | : | |
| 388 Greenwich Street, 26th Floor | : | |
| New York, NY 10013 | : | |
| | : | |
| And | : | |
| | : | |
| **PYRAMID CONSULTING, INC.,** | : | |
| 3060 Kimball Bridge Road, Suite 200 | : | |
| Alpharetta, GA 30022 | : | |
| Defendants. | : | |

**CIVIL ACTION**

Plaintiff, Alexandra Desir (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Citibank, N.A. (hereinafter "Defendant Citi") and Pyramid Consulting, Inc. (hereinafter "Defendant Pyramid" and collectively "Defendants"), for violations of the Americans with Disability Act 1990 ("ADA"), as amended, the Pregnancy

Discrimination Act ("PDA"), the Pregnant Workers Fairness Act ("PWFA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Citibank, N.A. is a provider of financial services with a location at 1 Penns Way, New Castle, DE 19721 and with a corporate headquarters located at 388 Greenwich Street, 26th Floor, New York, NY 10013.

4. Upon information and belief, Pyramid Consulting, Inc. is a staffing agency with a location and corporate headquarters located at 3060 Kimball Bridge Road, Suite 200, Alpharetta, GA 30022.

5. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendants because the

Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under the ADA, Title VII, the PDA, and the PHRA.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and pregnancy discrimination as well as retaliation against Defendants.

15. The Charge was assigned a Charge Number 530-2025-02863 and was dual filed with the

Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated September 12, 2025.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. On or around August 26, 2024, Defendant Citi hired Plaintiff through Defendant Pyramid in the position of Data Analyst.

22. Plaintiff was well qualified for her position and performed well.

23. By way of background, Plaintiff had been previously employed at a different company through Defendant Pyramid, but her contract was not renewed due to budget cuts at the previous company.

24. Thereafter, Defendant Pyramid contacted Plaintiff about an open Data Analyst position at Defendant Citi.

25. At the time, Plaintiff was in her second trimester of her pregnancy.

26. However, upon her start at Defendant Citi, Defendant Citi forced Plaintiff to report to work in person three (3) days per week.

4

## PLAINTIFF HAD A HIGH RISK PREGNANCY

27. In or around the end of September 2024, Plaintiff began to have challenges with parking and walking to the office as a result of her pregnancy.

28. Plaintiff had to commute approximately ninety (90) minutes to get to Defendant Citi.

29. Given her age (36 years old at the time), Plaintiff's pregnancy was considered an elderly pregnancy/high risk pregnancy.

30. High risk pregnancy is a serious medical condition that is considered to be a disability under the Americans with Disability Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

31. The major life activities affected by high risk pregnancy include, but are not limited to, reproductive function, walking and performing manual tasks.

32. As a result of her commuting and walking to Defendant Citi, Plaintiff began to experience pregnancy pains and trouble sleeping.

## PLAINTIFF REQUESTED THE REASONABLE ACCOMMODATION TO WORK REMOTELY FULL TIME

33. On or around September 27, 2024, Plaintiff emailed Jennyvyl Sioting, Defendant Pyramid Consultant, and Ashvin Singh Solanki, Defendant Pyramid Associate Resources Manager, to request the reasonable accommodation of working full remote work under the Pregnant Worker's Fairness Act ("PWFA").

34. Sioting informed Plaintiff that she would communicate with Defendant Citi's Human Resources about her request.

## PLAINTIFF SUBMITTED A DOCTOR'S NOTE REQUESTING HER REASONABLE ACCOMMODATION TO WORK REMOTELY FULL TIME

35. On or about October 10, 2024, Sioting informed Plaintiff that she needed to submit a doctor's note from her OB/GYN confirming her need for the accommodation.

36. Dr. Amy Cadieux, OB/GYN, sent a note to Defendant Pyramid stating that Plaintiff could not commute if she was over an hour from her treating hospital.

37. Defendant Citi is over an hour from Plaintiff's treating hospital in Phoenixville, PA.

38. The note also stated that Plaintiff could not commute at all after 35 weeks pregnant.

39. Defendant Pyramid accepted the doctor's note without issue.

## PLAINTIFF INFORMED DEFENDANT CITI THAT SHE ONLY INTENDED TO TAKE TWO (2) WEEKS OFF FOR MATERNITY LEAVE

40. Plaintiff also informed Ciara O'Doherty, Defendant Citi Business Unit Group Manager, and Maurice Ayala, Defendant Citi Information Services Group, that she only intended to take two (2) weeks off for maternity leave after giving birth.

## PLAINTIFF WAS REQUIRED TO SUBMIT A NOTE FROM HER PRIMARY CARE PHYSICIAN TO CONFIRM SHE NEEDED HER REQUESTED REASONABLE ACCOMMODATION

41. However, in the end of October 2024, Sioting told Plaintiff she needed to get a note from her Primary Care Physician, that she needed to work remotely effective immediately.

42. Plaintiff asked Sioting if Defendant Citi was pushing back against her accommodation request.

43. Sioting denied this, but informed Plaintiff that it needed to ensure the accommodation was officially approved.

44. On or about October 30, 2024, Dr. Margaret Flores-Posadas, Plaintiff's Primary Care Physician, sent Defendants a note stating that Plaintiff could not commute due to her high risk pregnancy.

45. Plaintiff was 33 weeks pregnant at the time.

### **DEFENDANT CITI ENDED PLAINTIFF'S EMPLOYMENT CONTRACT**

46. On or about November 4, 2024, Plaintiff received an automated email from Sioting that her contract with Defendant Citi was ending on November 8, 2024.

47. However, Plaintiff's initial contract was set to go through at least January 2025, or longer, if it was renewed.

48. Plaintiff called Defendant Pyramid and spoke with a Recruiter who was not familiar with Plaintiff's situation.

49. Plaintiff then called Ayala.

50. However, Ayala stated that he was not sure what he could tell her about the situation.

51. Shortly after, Plaintiff spoke with Sioting.

52. Sioting claimed Defendant Citi alleged the reason for her contract ending early was that Plaintiff had performance issues.

53. Neither O'Doherty nor Ayala had informed Plaintiff of any alleged performance deficiencies prior to her contract ending.

54. In fact, Ayala had stated that Plaintiff had excellent performance.

55. Defendant discriminated against Plaintiff due to her pregnancy and disability in violation of the ADA, the PDA and the PHRA.

56. Defendant failed to accommodate Plaintiff and retaliated against Plaintiff for requesting a reasonable accommodation due to her high risk pregnancy/disability in violation of the ADA, the PDA and the PHRA.

57. Defendants' acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and its agents as being disabled.

60. Plaintiff was qualified to perform the job.

61. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

62. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

63. Defendants did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

64. Plaintiff's disabilities motivated Defendants' decision to take adverse actions against Plaintiff.

65. The purported reason for Defendants' decision is pretextual.

66. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

67. The above actions by Defendants also constitute a failure to accommodate and a failure to engage in the interactive process.

68. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

69. Defendants' conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE
### THE PENNSYLVANIA HUMAN RELATIONS ACT

70. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

71. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and its agents as being disabled.

72. Plaintiff was qualified to perform the job.

73. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

74. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

75. Defendants did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

76. Plaintiff's disabilities motivated Defendants' decision to take adverse actions against Plaintiff.

77. The purported reason for Defendants' decision is pretextual.

78. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

79. The above actions by Defendants also constitute a failure to accommodate and a failure to engage in the interactive process.

80. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

81. Defendants' conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – PREGNANCY DISCRIMINATION
### PREGNANCY DISCRIMINATION ACT

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff is a member of a protected class in that she was pregnant.

84. Plaintiff was qualified to perform the job for which she was hired.

85. Defendants did not provide Plaintiff with a reasonable accommodation.

86. Defendants terminated Plaintiff.

87. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

88. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

89. Defendants discriminated against Plaintiff on the basis of her pregnancy.

90. Defendants treated non-pregnant employees better than they treated Plaintiff.

91. Defendants had no legitimate non-discriminatory reason for their actions.

92. As a result of Defendants' unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – PREGNANCY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. Plaintiff is a member of a protected class in that she is pregnant.

95. Plaintiff was qualified to perform the job for which she was hired.

96. Defendants did not provide Plaintiff with a reasonable accommodation.

97. Defendants terminated Plaintiff.

98. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

99. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

100. Defendants discriminated against Plaintiff on the basis of her pregnancy.

101. Defendants treated non-pregnant employees better than they treated Plaintiff.

102. Defendants had no legitimate non-discriminatory reason for their actions.

103. As a result of Defendants' unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra*.

## COUNT V – PREGNANCY DISCRIMINATION/FAILURE TO ACCOMMODATE
## PREGNANT WORKERS FAIRNESS ACT

104. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

105. Plaintiff is a member of a protected class in that she is pregnant.

106. Plaintiff was qualified to perform the job for which she was hired.

107. Defendants did not provide Plaintiff with a reasonable accommodation.

108. Defendants terminated Plaintiff.

109. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

110. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

111. Defendants discriminated against Plaintiff on the basis of her pregnancy.

112. Defendants treated non-pregnant employees better than they treated Plaintiff.

113. Defendants had no legitimate non-discriminatory reason for their actions.

114. As a result of Defendants' unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

115. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

116. Plaintiff engaged in activity protected by ADA when she requested reasonable accommodations.

117. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

118. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## PREGNANCY DISCRIMINATION ACT

119. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

120. Plaintiff engaged in activity protected by PDA/Title VII when she requested reasonable accommodations due to her pregnancy.

121. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

122. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – RETALIATION
## PREGNANT WORKERS FAIRNESS ACT

123. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

124. Plaintiff engaged in activity protected by PWFA when she requested reasonable accommodations due to her pregnancy.

125. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

126. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

127. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

128. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations due to her disability and pregnancy.

129. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

130. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Alexandra Desir, requests that the Court grant her the following relief against Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, PDA/ Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                **RESPECTFULLY SUBMITTED,**

                **KOLLER LAW, LLC**

Date: December 11, 2025   **By:**

                David M. Koller, Esquire (90119)
                Jordan D. Santo, Esquire (320573)
                2043 Locust Street, Suite 1B
                Philadelphia, PA 19103
                215-545-8917
                davidk@kollerlawfirm.com
                jordans@kollerlawfirm.com

                *Counsel for Plaintiff*